IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SEAN DAVID WOODSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 12-302-SLR |
| | ) |
| BRIAN PAYTON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington this 3ʳᵈ day of July, 2012, having screened the case pursuant to 28

U.S.C. § 1915 and § 1915A;

IT IS ORDERED that all pending motions (D.I. 3, 6, 13) are denied as moot and

that the complaint is dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915

and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Sean David Woodson ("plaintiff"), a federal prisoner

currently held at the Federal Detention Center, Philadelphia, Pennsylvania, filed this

complaint pursuant to 42 U.S.C. § 1983.[1]  He proceeds pro se and has been granted

leave to proceed without prepayment of fees.

2. **Standard of Review**.  This court must dismiss, at the earliest practicable

time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to

state a claim, or seek monetary relief from a defendant who is immune from such relief.

See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in

---

[1]When bringing a § 1983 claim, a plaintiff must allege that some person has
deprived him of a federal right, and that the person who caused the deprivation acted
under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. "A separate standard for maliciousness is not as well established." *Abdul-Akbar v. Department of Corr.*, 910 F. Supp. 986 (D. Del.,1995), *aff'd*, 111 F.3d 125 (3d Cir. (table decision), *cert. denied*, 522 U.S. 852 (1997). A court that considers whether an action is malicious must, in accordance with the definition of the term "malicious," engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure, or harass the

2

defendant. *Deutsch*, 67 F.3d at 1086. Other circuits have offered more objective instances of malicious claims. For example, *a* complaint is malicious when it "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993). A district court may dismiss a complaint as malicious if it threatens violence or contains disrespectful references to the court. *Crisafi v. Holland*, 655 F.2d 1305 (D.C. Cir. 1981). Additionally, a district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims. *Crusafi*, 655 F.2d at 1309*; Van Meter v. Morgan*, 518 F.2d 366 (8th Cir. 1975); *Duhart v. Carlson*, 469 F.2d 471 (10th Cir. 1972); *see also Banks v. Gillie*, 2004 WL 5807334 (E.D. La. Feb. 25, 2004) (duplicative and repetitive complaints are considered malicious for purposes of § 1915); *McGill v. Juanita Kraft Postal Serv.*, 2003 WL 21355439, at \*2 (N.D. Tx. June 6, 2003) (complaint is malicious when it "'duplicates allegations of another pending federal lawsuit by the same plaintiff' or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation") (quotations omitted).

5. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

6. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 678 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

4

7. **Discussion**. Plaintiff filed an almost identical complaint against defendant Brian Payton ("defendant") in *Woodson v. Payton*, Civ. No. 10-925-SLR. The complaint was dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) on February 1, 2011. Defendant is a probation officer of the Delaware Parole and Probation Office. Plaintiff alleges a violation of his constitutional rights occurred on October 8, 2009 when defendant unlawfully seized plaintiff, without a warrant, following notification that plaintiff had charges pending in the State of Maryland. On that date, plaintiff had reported for his regularly scheduled meeting with defendant in Dover, Delaware. Plaintiff requests a declaratory judgment that defendant violated his constitutional rights, injunctive relief to cease prosecution by the United States of America and order plaintiff's release from detention, and compensatory and punitive damages.[3]

8. **Statute of limitations**. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F.Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

---

[3] As a result of the search, he was subsequently tried and found guilty on January 7, 2011, of violations of 18 U.S.C. § 922(g) and § 924(e), as a convicted felon in possession of a firearm. *See United States of America v. Woodson*, Crim. No. 09-117-LPS (D.I. 111). The court granted defendant's motion for a new trial. (D.I. 197) Defendant currently is detaining pending said trial.

5

9. The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.,* 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon,* 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby,* 408 F. App'x 524, 526 (3d Cir. 2010) (not published) (quoting *Fogle v. Pierson,* 435 F.3d 1252, 1258 (10th Cir. 2006)).

10. Plaintiff complains of acts that occurred on October 8, 2009. He did not file his complaint until March 7, 2012, some five months after the expiration of the two year limitation period.[4] Hence, it is evident from the face of the complaint that plaintiff's claims are time-barred. Therefore, the court will dismiss the complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

---

[4]The computation of time for complaints filed by pro se inmates is determined according to the "mailbox rule." In *Houston v. Lack,* 487 U.S. 266 (1988), the United States Supreme Court held that a prisoner's notice of appeal of a habeas corpus petition was deemed filed as of the date it was delivered to prison officials for mailing to the court. While *Houston* dealt specifically with the filing of a habeas appeal, the decision has been extended by the Court of Appeals for the Third Circuit to other prisoner filings. *See Burns v. Morton,* 134 F.3d 109, 112 (3d Cir. 1998). Additionally, this district has extended the *Houston* mailbox rule to pro se § 1983 complaints. *Gibbs v. Decker,* 234 F. Supp. 2d 458, 463 (D. Del. 2002).

Here, plaintiff's complaint was signed on February 28, 2012, but the certificate of service was executed on March 7, 2012. It is obvious, therefore, that the complaint was delivered to prison authorities for mailing on March 7, 2012. The court concludes that plaintiff's complaint was filed on March 7, 2012, the date of the certificate of service.

11. **Maliciousness**.  Plaintiff filed a nearly identical lawsuit against defendant in October 2010.  Plaintiff's instant complaint, raising repetitive claims or claims arising out of  a common nucleus of operative facts, falls squarely in the category of malicious litigation.  Based upon plaintiff's repetitive lawsuit, the complaint will also be dismissed as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

12. **Conclusion**.  For the above reasons, plaintiff's motions are denied as moot. (D.I. 3, 6, 13)  The complaint is dismissed as frivolous and malicious pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Amendment of the complaint is futile.  The clerk of court is directed to close the case.

UNITED STATES DISTRICT JUDGE

7